UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA LEWIS,
Plaintiff,

v. Case No.:8:26-cv-01776-MSS-LSG

SHERIFF ROBERT GUALTIERI in his Official Capacity as Pinellas County Sheriff, And ROBERT GUALTIERI individually[1]; and Sheriff deputy KYLE KING, individually,
Defendants.
_______________________________________/

**BOB GUALTIERI, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PINELLAS COUNTY, FLORIDA'S, MOTION TO STRIKE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (DOC. 24)**

Defendant, BOB GUALTIERI, in His Official Capacity as Sheriff of Pinellas County, Florida ("the Sheriff"), pursuant to Fed. R. Civ. P. 5(d)(1)(A), hereby moves this Honorable Court to strike Plaintiff's First Request for Production of Documents (Doc. 24), and in support, the Sheriff states:

1. The Court has granted (Doc. 15) the Sheriff's Motion For Protective Order and to Stay All Discovery, Case Management and Reporting Requirements ("Sheriff's Motion to Stay") (Doc. 14), protecting the Sheriff from the requirement to respond to discovery, including Plaintiff's First Request for

[1] The caption erroneously lists the Sheriff in his individual capacity as a Defendant, but nowhere in the Amended Complaint is an individual capacity claim against the Sheriff found (Doc. 1-1). To the extent the Amended Complaint intends to sue the Sheriff in his individual capacity, service of process upon the Sheriff in his individual capacity has not been made and is not waived by the filing of this Notice.

Production of Documents (Doc. 24), which the Court specifically referenced. (Doc. 15).

2. Plaintiff's First Request for Production of Documents (Doc. 24) is not properly filed with the Court and must be stricken.

**MEMORANDUM OF LAW**

"Discovery materials, including 'responses to requests for production...[and] responses to requests for admissions shall not be filed with the Court as a matter of course....[unless] if ordered by the Court, if necessary to the presentation or defense of a motion, or if required by law or rule.' " *Progressive Am. Ins. Co. v. Jager*, No. 5:24-CV-596-JSM-PRL, 2025 WL 2322767, at *2 (M.D. Fla. Aug. 12, 2025) (citing Fed. R. Civ. P. 5(d)(1)(A)); *see also Baldwin v. Wright Nat'l Flood Ins. Co.*, No. 5:24-CV-487-MMH-PRL, 2025 WL 2257763, at *2 (M.D. Fla. Aug. 7, 2025) (discovery requests must not be served on court); *Donohoe v. Osinga*, No. 2:21-CV-534-SPC-NPM, 2023 WL 8479012, at *1 (M.D. Fla. Dec. 7, 2023) (striking filed discovery documents); Middle District Discovery (2021) at Section I.C.1 (explaining the general rule governing the filing of discovery materials in the Middle District of Florida)

Plaintiff's First Request for Production of Documents (Doc. 24), in addition to being subject to the stay issued by the Court (Doc. 15), was not properly filed and must be stricken. *Jager*, 2025 WL 2322767, at *2 (striking filed discovery, pursuant to Fed. R. Civ. P. 5(d)(1)(A)).

**CONCLUSION**

Based on the foregoing, the Sheriff respectfully moves this Honorable Court to

strike Plaintiff's First Request for Production of Documents (Doc. 24), and for any other relief the Court deems appropriate.

**LOCAL RULE 3.01(G) CERTIFICATION**

The undersigned hereby certifies that she conferred with Plaintiff, who advised she is opposed to the relief requested herein.

RESPECTFULLY SUBMITTED on July 9, 2026.

PINELLAS COUNTY SHERIFF
GENERAL COUNSEL'S OFFICE

*/s/ Anne F. McDonough*
Anne F. McDonough
Senior Associate Counsel
Florida Bar No. 084471
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, FL 33778
Tel: (727) 582-6274
Fax: (727) 582-6459
amcdonough@pcsonet.com
Attorney for BOB GUALTIERI, in
His Official Capacity as Sheriff of
Pinellas County, Florida

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and, pursuant to Fed. R. Civ. P. 5(b)(2)(E), served a copy of the foregoing to Plaintiff, Monica Lewis, via email at horizonnear@gmail.com.

*/s/ Anne F. McDonough*
Anne F. McDonough