JUL 10 2026 PM3:17
FILED - USDC - FLMD - TPA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**Case No.: 8:26-cv-01776-MSS-LSG**

**MONICA LEWIS,**
**Plaintiff,**

**v.**

**ROBERT GUALTIERI, in his Official Capacity as**

**Sheriff of Pinellas County, Florida, et, al.,**

**Defendants,**

**Prior / Related Appellate & Federal Tracking Cases:**

Sixth Circuit Judicial Court Case No.: 23-003-005-CI-19

U.S. District Court, Middle Dist. of Fl. Case No.: 8:24-cv-01935-TPB-CP

U.S. Court of Appeals for the Eleventh Circuit Case No.: 24-1355

Sixth Circuit Judicial Court Case No.: 26-002914-CI

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AMENDED COMPLAINT [DOC. 25]

**Plaintiff, Monica Lewis,** respectfully requests this Court deny Defendant's Motion to Strike [Doc. 25]. Defendant's motion lacks any legal basis, misapplies post-removal procedure to mislead this Court, and is brought in bad faith to conceal case-dispositive public evidence.

## I. MEMORANDUM OF LAW

### A. Under Federal Rules 81(c)(1) and 15(a)(1)(B), Plaintiff Possesses an Absolute Right to Amend

Defendant's motion relies on a fabricated standard that contradicts the plain text of the Federal Rules. Federal Rule of Civil Procedure 81(c)(1) mandates that the Federal Rules govern litigation "after removal". They do not apply retroactively to state court proceedings, nor can they exhaust a party's federal procedural rights before a case ever reaches the federal docket.

Because Rule 81(c)(1) establishes that the federal timeline only begins post-removal, Plaintiff's absolute right under Federal Rule of Civil Procedure 15(a)(1)(B) to amend her pleading once as a matter of course within 21 days of a Rule 12(b) motion was fully intact. The timeline is clear:

1. **June 25, 2026: Defendant filed his federal Rule 12(b) Motion to Dismiss [Doc. 13].**

2. **July 16, 2026: Plaintiff's statutory 21-day federal deadline to amend as a matter of right.**
3. **July 7, 2026: Plaintiff filed her Amended Complaint [Doc. 21].**

**Because Plaintiff filed the operative pleading nine days before her federal window expired, the filing was fully authorized by law. Court permission was not required.**

**B. Defendant Knowingly Misapplies Post-Removal Law to Mislead the Court**

Defendant mischaracterizes post-removal jurisprudence by arguing that state court history retroactively strips a litigant of their distinct procedural rights under the Federal Rules. The rule that a federal court takes a removed case "as it finds it" simply preserves the validity of prior state court entries so litigation does not restart from scratch. The Federal Rules only take effect *after* removal. Because Document 21 is the very first amended complaint Plaintiff has submitted within the federal forum, her right under Rule 15(a)(1)(B) was fully intact.

**C. This Frivolous Motion Seeks to Maintain a Shutter on Dispositive Public Evidence**

This motion is a bad-faith maneuver to tie up the docket, extend an obsolete discovery stay, and suppress case-dispositive public records in Defendant's possession, specifically:

1. **The unredacted dash-cam video capturing the loud engine screeching and roaring before impact;**
2. **The recorded body-cam confession;**
3. **The vehicle's Event Data Recorder (EDR) telemetry metrics; and**
4. **The in-cab video of Deputy Kyle King.**

Under the landmark doctrine established in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), a party perpetrates a fraud upon the court when they engage in a deliberate, unconscionable scheme to suppress material facts and blind the judiciary. Defendant's manufactured interpretation of procedural rules is an intentional attempt to utilize this Court's docket as a shield to hide smoking-gun public evidence from this Tribunal.

## II. CONCLUSION AND RELIEF SOUGHT

**Plaintiff respectfully requests that this Court:**

1. **DENY** Defendant's Motion to Strike [Doc. 25];
2. **DECLARE Plaintiff's July 7 Amended Complaint** [Doc. 21] the operative pleading in this action;

3. **DENY Defendant's June 25 Motion to Dismiss** [Doc. 13] as completely procedurally moot; and

4. **ORDER Defendant to file an Answer to the operative complaint** within 14 days.

I HEREBY CERTIFY that on July 10, 2026, a true and correct copy of the foregoing was served via electronic mail directly upon Counsel for the Defendants, Anne McDonough, at her designated email address: amcdonough@pcsonet.com.

Monica Lewis, Pro Se
275 Kingfish Dr Se
St Petersburg, Florida 33705
Ph: (727)458-9458
Email: horizonnear@gmail.com
Monica Lewis