**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MONICA I. LEWIS,

Plaintiff,

v. Case No.: 8:24-cv-1935-TPB-CPT

KYLE KING, et al.,

Defendants.
_________________________________________/

# ORDER

This matter is before the Court on "Bob Gualtieri, in his Official Capacity as Sheriff of Pinellas County, Florida's, Motion to Dismiss with Prejudice" and on "Bob Gualtieri, in his Official Capacity as Sheriff of Pinellas County, Florida's, Corrected Motion to Dismiss with Prejudice," both filed on June 25, 2026. (Docs. 12; 13). Plaintiff Monica Lewis, proceeding *pro se*, did not file a response to the motions. Instead, she filed an improper and unauthorized amended complaint, which was later stricken. (Docs. 21; 51). A response is not necessary to resolve the pending motions. After review of the motions, court file, and record, the Court finds as follows:

## Background

This case arises from a car collision between Plaintiff Monica Lewis and Pinellas County Deputy Sheriff Kyle King that occurred on May 13, 2022. This recitation of facts may sound familiar because this car accident has already been the subject of litigation in both state and federal court, including in this Court.

On March 20, 2023, Plaintiff filed a complaint against the Pinellas County Sheriff's Office in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. *See Lewis v. King*, No. 23-003005-CI-19 (Fla. 6th Cir. Ct. 2023). In that case, she alleged that the Sheriff's Office was vicariously liable for a motor vehicle accident in which Plaintiff's vehicle was negligently struck in the rear by a cruiser driven by Deputy King. On September 20, 2023, Plaintiff filed an amended complaint to sue Sheriff Bob Gualtieri, in his official capacity, naming the Sheriff as vicariously liable in place of the Sheriff's Office.

On June 7, 2024, Plaintiff's counsel moved to withdraw, and on June 13, 2023, Plaintiff filed a motion to represent herself. The state court granted both motions on August 2, 2024. Then, on August 11, 2024, Plaintiff filed a second amended complaint against Sheriff Gualtieri and Deputy King, in both their individual and official capacities. This second amended complaint was remarkably different from Plaintiff's earlier complaints – Plaintiff presented a completely new theory that Deputy King intentionally rammed into her vehicle to purposefully injure her. She asserted claims for deprivation of rights under 42 U.S.C. § 1983 (Count 1), equal protection under § 1983 (Count 2), and assault and battery (Count 3). Rather than being a typical car crash caused by negligence, the Plaintiff alleged in her second amended complaint that the crash was an intentional act on the part of Deputy King designed to deprive her of her civil rights.

Sheriff Gualtieri removed the action based on the new federal claims, which became *Lewis v. King*, Case No. 8:24-cv-1935 (M.D. Fla. 2024). He then filed a

motion to dismiss the second amended complaint as a shotgun pleading and for failure to state a claim. The Court ultimately dismissed the case after concluding that Plaintiff could not state any civil rights claims based on what was clearly a garden-variety car accident, and that the Court would not exercise supplemental jurisdiction over any state law negligence claims. *See Lewis v. King*, 2024 WL 4349429, at *3-4 (M.D. Fla. Sept. 30, 2024). Plaintiff appealed, and the Eleventh Circuit affirmed the dismissal. *See Lewis v. King*, No. 24-13559, 2025 WL 1937207, at *1-2 (11th Cir. July 15, 2025).

Although the dismissal gave Plaintiff the opportunity to pursue negligence claims in state court, Plaintiff has gone beyond that. She filed a new lawsuit in the Sixth Judicial Circuit asserting claims for: Fourteenth Amendment violation of due process and denial of access to courts via administrative fraud and suppression of evidence against Sheriff Gualtieri (Count I), Fourth Amendment violation for unlawful seizure via vehicular aggravated assault and vehicular aggravated battery against Deputy Kyle King (Count II), state law negligence and vicarious liability (Count III), and independent action for relief from judgment due to fraud on the Court against Sheriff Gualtieri (Count IV). Expectedly, Sheriff Gualtieri removed the action to this Court. The case was then transferred to the undersigned as a successive or related case pursuant to the Local Rules.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to

relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

***Counts I and II***

Plaintiff's claims in Counts I and II are barred by the legal doctrine of res judicata. Simply put, res judicata is a legal doctrine that prevents a party form litigating the same case twice. Res judicata includes both claim preclusion and issue preclusion. *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018). "Claim preclusion 'forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). "Issue preclusion, in contrast, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Id.* (quoting *Taylor*, 553 U.S. at 892). These doctrines work together to "protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Taylor*, 553 U.S. at 892).

"To invoke res judicata. . . a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life and Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002)). The Eleventh Circuit "has recognized that res judicata applies

not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* (citing *Trustmark*, 29 F.3d at 1270 n.3).

As to Count II, Plaintiff's § 1983 claim against Deputy Kyle King, the elements are easily satisfied here – the prior decision dismissing the § 1983 claim was issued by this very Court, the dismissal of the § 1983 claims was final, the case involved the same exact parties, and the case involved the same cause of action as to this count. As a result, Count II is barred.

The Court also finds that Count I is barred by the doctrine of res judicata. Although Plaintiff characterizes Count I as a new constitutional claim arising from the allege suppression of audio from the dash camera recording and other alleged discovery issues, the claim rests on the same operative nucleus of facts underlying the prior litigation. Moreover, the Court has already rejected Plaintiff's contention that the absence of audio prevented meaningful adjudication of her constitutional claims, and the Eleventh Circuit affirmed. Plaintiff may not relitigate that determination by repackaging it as a new denial-of-access claim.

***Count III***

In Count III, Plaintiff raises a negligence claim under Florida law. Because all federal claims are dismissed, the Court again declines to exercise jurisdiction over Plaintiff's remaining state-law negligence claim pursuant to 28 U.S.C. § 1367(c). This count will be remanded to state court.

***Count IV***

Count IV does not identify any cognizable federal or Florida cause of action. Although Rule 60 preserves limited equitable remedies for relief from judgment in extraordinary circumstances, Plaintiff does not invoke those procedures in an appropriate manner here. *See Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985) ("[T]he plaintiff cannot use an independent action as a vehicle for the relitigation of issues."). Instead, Plaintiff attempts to assert "fraud on the court" as a standalone claim for damages against the Sheriff in a newly filed action. Neither federal law nor Florida law recognizes such a cause of action. To the extent Plaintiff seeks relief from a prior judgment, that relief must be pursued, if at all, through the procedural mechanisms applicable to that judgment rather than as an independent damages count in this lawsuit.

Amendment would be futile because the defect is legal rather than factual, and no additional factual allegations could transform Count IV into a cognizable cause of action in this case. As such, Count IV is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Bob Gualtieri, in his Official Capacity as Sheriff of Pinellas County, Florida's, Motion to Dismiss with Prejudice" and "Bob Gualtieri, in his Official Capacity as Sheriff of Pinellas County, Florida's, Corrected Motion to Dismiss with Prejudice" (Docs. 12;

13) are **GRANTED** to the extent that Counts I, II, and IV are **DISMISSED, WITHOUT LEAVE TO AMEND**.

2. The Court declines to exercise supplemental jurisdiction over Count III.

3. Because the only federal claims have been dismissed, and because the Court declines to exercise supplemental jurisdiction over Count III, this case is remanded to the Sixth Judicial Circuit in and for Pinellas County, Florida.

4. Once remand is effected, the Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 12th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE